■ ANTON PAVELCHAK et al., Respondents, v. REBECCA FINN, Appellant. — In an action to recover damages for personal injuries (1st cause of action), and for other relief, the appeal is from so much of an order as failed to dismiss the first cause of action for insufficiency (Rules Civ. Prac., rule 106, subd. 4). The male respondent was injured when a fire escape on which he was standing broke and precipitated him therefrom. In the first cause of action, it is alleged that the subject premises were conveyed by the appellant to the respondents about 83 days prior to the accident, that appellant had actual or constructive knowledge of the fact that the fire escape, which broke on the day in question, was dangerously deteriorated, that prior to the sale of said premises appellant affirmatively prevented the respondents from inspecting the fire escape, and that she affirmatively represented it to be safe and in good condition. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse the order insofar as appealed from and to dismiss the first cause of action, with the following memorandum: The building involved herein is a multiple residence wherefor the respondents, as the owners, were charged with the affirmative statutory

duty to see that the fire escapes thereon were in safe condition. I do not believe that respondents may be heard to say that 83 days after they took title to the premises they were not aware of the dangerous condition of the fire escape. Had only respondents' own safety been involved they may have relied on appellant's alleged assurance. However, it was their duty to ascertain that fact when they became owners, and under the circumstances 83 days was longer than a reasonable time in which to discover the defects.